UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN MARTIN LOPEZ,<br><br>Defendant. | Case No. 1:12-cr-00100-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Juan Martin Lopez's Motion for Early Termination of Supervised Release (Dkt. 27). For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On October 2, 2012, Mr. Lopez was sentenced to 80 months of incarceration followed by five years of supervised release for Possession of a Controlled Substance with Intent to Deliver, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). (*See* Dkt. 22.) On March 8, 2018 Mr. Lopez was released

from prison and placed on supervised release. Thus, as of this writing Mr. Ponce has completed nearly three years of his five year term of supervision.

On October 13, 2020, Mr. Lopez, through counsel, filed his motion for early termination of supervised release. (Dkt. 27.) Mr. Lopez says early termination is justified because he has been rehabilitated and no longer poses a danger to the community. Among other things: he has a job; he volunteers in his community; and he has re-established strong bonds with his family. Mr. Lopez reports that continuing supervision would not pose any hardship – but there is no value to continued supervision because he is rehabilitated. The United State Probation Officer assigned to the case initially indicated that she supports the motion, however, after the Defendant tested positive for methamphetamine the U.S. Probation Office filed an information petition in this case and notified the Court that they no longer support early termination of supervised release for Mr. Lopez. The Government also opposes early termination of supervised in this case.

## DISCUSSION

Because Mr. Lopez has served more than a year of supervised release, the Court may terminate supervised release if it determines that "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The Court, having considered these factors, is not persuaded that early termination of supervised release is warranted. *See* § 3583(e)(1). The Court acknowledges that Mr. Lopez initially performed well on supervision, and he is to be commended for his work in maintaining his sobriety and volunteering in the community. His behavior does not, however, justify early termination. Performing well is what is expected of defendants on supervision. The probation officers are there to help defendants do precisely what Mr. Lopez has done: put their lives back on track and become contributing members of society. This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination. Further, following Mr. Lopez's recent positive drug test, the Court finds that Mr. Lopez would benefit from continued support from the U.S. Probation Office. The Court will therefore deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant Juan Martin Lopez's Motion for Early Termination of Supervised Release (Dkt. 27) **DENIED**.

DATED: March 5, 2021

_____
B. Lynn Winmill
U.S. District Court Judge